NicholsoN, C. J.,
delivered the opinion of the Court.
About the month of May, 1862, plaintiff in error transferred and delivered to defendant in error, a note or bill of $500, issued by the Bank of Tennessee in October, 1861, and in consideration therefor, defendant in error transferred and delivered to plaintiff in error a promissory note for $150, owing by plaintiff in error to defendant in error, and $350 in small notes or bills of the Bank of Tennessee, issued prior to the 6th of May, 1861. On the 14th of December, 1865, defendant in error sued plaintiff in error, in assumpsit, for the value of'the $150 promissory note and the $350 in small bank bills of the Bank of Tennessee, upon the ground that the $500 bank bill was illegally issued, and was null and void, as enacted by the Schedule to the amended Constitution of 1865. The cause was tried by a jury of White County, and, under the charge of the Circuit Judge, a *482 judgment was rendered against tbe plaintiff in error, from which he has appealed in error to this Court.
In his charge to the jury,- the Circuit Judge said: “If you are satisfied from the proof, that in 1862 the defendant j>resented to Mr. Carrick, one of the firm of "Waman Leftwich, a $500 bill, issued by the Bank of Tennessee after the 6th day of May, 1861, and received from Carrick, for the firm, $500 in bills upon the Bank of Tennessee, of smaller denomination, in exchange for said $500 bill, which bills of a smaller denomination were issued by said bank before the 6th of May, 1861, and were genuine, and said money so received by defendant was the money and property of the firm of Waman Left-wich, under such a state of facts, the plaintiff is entitled to recover, in this action the value of the smaller bills. If the $500 bill, claimed to have been received by plaintiff from defendant, was issued by the bank after the 6th of May, 1861, it was issued Avithout authority of law, Avas unconstitutional, unlawful and void, and of no value, and could not be received as a payment on any debt or contract, and if received in exchange for genuine bank bills, the party so receiving it may recover the value of the genuine bills so given in exchange.”
It is not necessary, for the determination of this cause, that we should express any opinion as to the legality or illegality of the circulation of the Bank of Tennessee'issued after the 6th of May, 1861. Upon the hypothesis assumed by the Circuit Judge, that this issue was illegal, unconstitutional and void, it does not follow, as a necessary consequence, that plaintiff below was entitled to recover the value of the bank bills given by him in ex *483 change for the $500 bill. It was not controverted on the trial below, that the $500 bill was genuine, and that it was issued by the bank and put into circulation, and that the bills of the bank issued after the 6th of May, 1861, circulated, and were regarded as equal in value to those issued before that date. The $500 bill showed on its face that it was issued after the 6th of May, 1861. This fact was as patent to plaintiff as to defendant. There was no pretense in the proof or otherwise, that plaintiff in error passed the bill to defendant in error in aid of the rebellion, or for any illegal purpose, but in an ordinary business transaction.
Upon the authority of Story v. Dobson,[1] decided at the present term, and that of Doff v. Crawford,[2] decided at Knoxville, and the cases cited in the opinion, we hold that the Circuit Judge erred in charging that the $500 bill could not be received in payment on any debt or contract, and when received in exchange for genuine bank bills, the party receiving it could recover their value. The proof shows that the bills issued after the 6th of May, 1861, circulated as freely, and had as much commercial value, as those issued before. The transaction was, in all respects, fair and legal on both sides, and no liability could be subsequently created by the act of the Legislature or the Convention declaring the issue illegal and void.
The judgment below will be reversed and the cause remanded for a new trial.

 Ante, 29,

 1 Heis., 111.